# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CLIFFORD W. SCHMIDT and**
**DEBORAH SCHMIDT,**

    **Plaintiffs,**

    v.                                    Case No.  07-2325-JWL

**GROENDYKE TRANSPORT, INC.,**

    **Defendant.**

## MEMORANDUM AND ORDER

This lawsuit arises from an accident involving two tractor trailers, one of which was being driven at the time of the accident by plaintiff Clifford W. Schmidt and the other of which was being driven by Darwin Lipker allegedly during the course and scope of his employment with defendant Groendyke Transport, Inc.  Mr. Schmidt and his wife, Deborah Schmidt, filed this lawsuit in the District Court of Wyandotte County, Kansas, asserting state law claims for negligence, negligence per se, loss of consortium, and punitive damages. Defendant subsequently removed the case to this court.  This matter is currently before the court on plaintiffs' motion to remand (doc. #7) this case to state court.  For the reasons explained below, plaintiffs' motion is granted in part and denied in part in the sense that the court will remand this case to state court but will deny plaintiffs' request for attorney's fees incurred in connection with removal.

**REMOVAL JURISDICTION**

A party may remove a case to federal district court if the federal court could have exercised original jurisdiction over the case. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The court must remand a case to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, there is a presumption against removal jurisdiction. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). "[S]tatutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). There is a presumption against removal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin*, 50 F.3d at 873. All doubts must be resolved in favor of remand. *Martin*, 251 F.3d at 1290; *Archuleta v. Lacuesta*, 131 F.3d 1359, 1370 (10th Cir. 1997).

**DISCUSSION AND ANALYSIS**

Defendant removed this case invoking the court's diversity jurisdiction. As the party invoking removal jurisdiction, defendant bears the burden of establishing that the requirements for the exercise of diversity jurisdiction are present. *Martin*, 251 F.3d at 1290. Federal district courts have diversity jurisdiction where the parties are of diverse citizenship and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, plaintiffs

contend that remand is warranted on the grounds that their state court petition did not allege facts, and defendant did not establish in the notice of removal itself, that the $75,000 amount-in-controversy requirement is met.[1]

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin*, 50 F.3d at 873. The defendant's claim that the amount in controversy exceeds the jurisdictional threshold does not enjoy the same presumption of accuracy as a similar allegation in the plaintiff's complaint. *Martin*, 251 F.3d at 1289. Thus, where the plaintiff's complaint does not contain allegations which specify that the plaintiff's claimed damages satisfy the amount in controversy, the defendant must establish that jurisdictional amount by at least a preponderance of the evidence. *Id.* at 1290. To meet this burden, the defendant must "set forth, in the notice of removal itself, the *underlying facts* supporting" the assertion that the amount in controversy exceeds the jurisdictional amount. *Laughlin*, 50 F.3d at 873 (emphasis in original; internal quotation and alteration omitted).

Neither the allegations in the plaintiffs' state court petition nor defendant's notice of removal establishes the requisite jurisdictional amount of $75,000 in this case. Plaintiffs' petition seeks damages "in an amount which exceeds the jurisdictional minimum of this

---

[1] Given the clarity of defendant's failure to satisfy the amount in controversy requirement in the notice of removal, the court declines to consider plaintiffs' related argument about whether the notice of removal also establishes that the parties are of completely diverse citizenship, particularly in light of the fact that the allegations in the notice of removal are more murky about that issue.

3

Court" (meaning Wyandotte County District Court) as well as unspecified punitive damages. Because the complaint seeks an unspecified amount of damages in excess of the state court minimal jurisdictional limits, then, it does not allege that the amount in controversy exceeds $75,000. Turning the notice of removal, defendants allege that plaintiffs' "damage claims are believed to be in excess of $75,000." This conclusory allegation is clearly insufficient under established Tenth Circuit precedent for defendant to meet its burden of establishing that the amount in controversy exceeds $75,000. This bare allegation is not supported by any "underlying facts" which would demonstrate that the amount in controversy in this case exceeds the jurisdictional amount by a preponderance of the evidence. *Id.* (relying approvingly on *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992), in which the Ninth Circuit held that such a bare allegation was insufficient in the absence of underlying facts supporting the assertion). In the absence of such facts being set forth in the notice of removal, defendant has not met its burden of establishing that this jurisdictional requirement is satisfied. Accordingly, this case must be remanded to state court.

Lastly, plaintiffs request an award of attorney's fees incurred as a result of removal. A court order remanding a removed case may require payment of costs and expenses, including attorney's fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). Although district courts maintain discretion in ordering fees and costs, the decision should turn on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447 only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* Here,

the court does not believe that defendant lacked an objectively reasonable basis for seeking removal. It appears from the nature of the case that plaintiffs' damage claims may ultimately prove to be in excess of $75,000. And, it appears that the parties are likely of diverse citizenship. Although the court is granting plaintiffs' motion to remand on the grounds that defendant did not satisfy its burden of establishing the existence of diversity jurisdiction in the manner required by Tenth Circuit precedent, defendant had at the very least a reasonable basis to believe that this case is worth more than $75,000. Thus, awarding plaintiffs their attorney's fees and costs incurred as a result of defendant's removal of this case is not warranted. Therefore, plaintiffs' request for attorneys' fees is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' motion to remand (doc. #7) is granted in part and denied in part in the sense that the court will remand this case to state court but will deny plaintiffs' request for attorney's fees incurred in connection with removal. This case is remanded to the District Court of Wyandotte County, Kansas. The clerk shall mail a certified copy of this order of remand to the clerk of the state court.

**IT IS SO ORDERED** this 4th day of October, 2007.

 s/ John W. Lungstrum
John W. Lungstrum
United States District Judge